Roberts, J.
—The first ground of error arises upon the following charge of the court, to wit: “If you find that the liquor was so sold by the defendant or his agent, and that the quantity so sold and purchased was regarded by the seller and purchaser as a quart, then it is not necessary for the State to show that the quantity sold was just a legal quart, and not a drop less, to constitute the defendant guilty, if he really permitted it drank at the establishment where sold.” It was shown upon the trial, that the liquor was sold in an ordinary brandy-bottle, commonly known as a quart bottle, but that such bottles do really hold something less than a quart.
In reference to the facts thus in proof, the charge was correct. The gist of the offense*does not depend so much upon the exact quantity sold, as upon the place where it *171 is permitted to be drank. Any mistake as to the exact-quantity sold, provided it be in good faith sold for a quart, will not take the case without the meaning of the word “ quart,” as used in the statute. What the parties regard as a quart, acting in good faith, may be regarded by the court and jury as a quart. If the amount, however, was so small as to show an evident attempt to sell less than a quart, for the purpose of retailing liquor in quantities less than a quart, without paying the license therefor, and thereby evading the provisions of the law by a collusion between the parties, then the amount so sold could not be regarded-as a quart, as intended to be designated in the statute; but the party selling would be liable to a prosecution for retailing without license, whether it was drank in the establishment or out of it. The charge does not present the case where a purchaser intends to buy less than a quart, and the seller intends to sell less than a quart, and for the purpose of evasion it is regarded as a quart. It is not intended here to be decided that such a case might not.be indictable, under the prohibition of the statute, for retailing liquors in less quantities than a quart. The court and jury‘Would, however, be authorized to regard that as a quart which approximated it in quantity, and was as such sold and bought by the parties in good faith. Such is the charge in substance.
Another point hi the case arises upon the refusal of the court to give the following charge asked by the defendant, to wit: “If you believe that the liquor in this case was drank in the room of a guest, you will acquit the defendant.” The court was correct in this also. The provision under which this" indictment was found is contained in the chapter of the Code entitled “retailing liquor without ■license.” It is not intended as a prohibition of the sale of liquor by the quart, but most obviously to prevent those who retail liquors from evading the law requiring "them to obtain a license before selling in less quantities than a *172 quart. (0. & ~W. Dig., Pen. Code, art. 423.) If a keeper of a tavern may sell liquor by the quart, and furnish bedrooms in which to drink it, or permit it to be drank in the rooms of his guests, he may substantially combine a retailing establishment with his tavern without obtaining a license for retailing, and thereby evade the law. Those who enjoy the privilege of selling liquor in quantities of a quart and over, without paying a license for retailing, must forego the privilege of permitting it to be drank in their establishment where it is sold, and by doing so there can be no evasion of the license law. This is not the case of a tavern-keeper furnishing his guests with brandy, whiskey, or wine within his establishment, at them regular meals, as a beverage; and therefore no decision is made upon it in that point of view. That may be a part of his business, as a tavern-keeper, included within his license; and, if done in good faith, may be no evasion of the law for retailing liquors.
Another question raised by the charges asked and refused relates to the control of a guest .over his room while he is lodged in it. The mere relation of tavern-keeper and guest is not such as debar the former from prohibiting the violation of a law by the latter in drinking liquor in a room of his establishment by his guest, which he has himself sold by the quart. The guest does not hold the room as one does who has a regular lease to it, duly executed. Such a lease, really made, might dissever the room from his establishment.
A question is also raised upon the permission of the drinking, which was necessary to be proved by the State. The court charged the jury that, “If the liquor were sold by the defendant, or by his authorized agent, and was' afterwards drank by the purchaser, or others, at the establishment where sold, then the defendant may be presumed to have permitted, and upon such proof you will be authorized to find the defendant guilty, unless you believe from *173 the evidence that the defendant did not know at that time that liquor was being drank at the establishment where sold.” On that subject, the defendant asked the court to charge the jury, that they must acquit the defendant, unless they believed from the proof “that the defendant did actually permit and allow the liquor to be drank, and this is not a subject of presumption, but must bo clearly proved by the State.”
The fact of permitting the liquor to be drank in the establishment may be legitimately inferred from other facts, and therefore be established by presumption, as well a|,. any other fact in the case. The words “ did actually permit,” in its connection with the rest of the charge asked, would convey the idea that it was necessary that the defendant should have given an affirmative assent to the transaction. Whereas, if it had been done habitually with his knowledge, his permission might be reasonably inferred, although he had proved that he did not even know anything of the particular transaction.
This presumption, however, is one of fact, and not of law. It is the province of the jury to draw the inference, if the facts proved justify their minds in so doing, and not for the court to require them to do so. The charge given by the court may have been liable to the objection, that it involved an “opinion as to the weight of evidence” in reference to a particular fact, and did not leave the jury entirely free to determine the case as “the exclusive judges of the facts.” (Code Crim. Pro., arts. 593-4.) That is an objection which should be taken at the trial, not by asking a charge, but by a direct exception to the charge, pointing out that objection to it. (Ib., art. 602.) So that, if the court has invaded the province of the jury in the charge given, it may at once be pointed out and corrected. This was not done, and therefore the question in that point of view does not arise. We cannot say that the charge was calculated to mislead the jury in this regard. For, as *174 a natural deduction from the facts in proof, it was a correct proposition, as matter of fact, (though not of legal presumption,) that a tavern-keeper is cognizant of and permits, either impliedly or expressly, the liquor to be drank in the rooms of his guests lodged within his establishment, which he sells or causes to be sold to them, unless it be shown affirmatively that he did not know anything of it.
Upon the facts of this case, under the proof, there is no difficulty whatever. The defendant was in the habit of selling liquor by the quart bottle to his guests, who drank it in their rooms in his establishment under such circumstances as make it evident that he was cognizant of t^e practice. The conclusion is irresistible, that the main object of keeping and selling the liquor was to furnish his guests with liquor in their rooms when they wanted it by the quart. If the defendant had established a bar within his tavern, at which his guests could be furnished with liquor to drink, he would be subject to pay the license for retailing. If he is permitted to furnish his guests in their rooms with liquor by the quart, the same objects, so far as accommodating his guests are concerned, as well as profits to himself in the sale of the liquor, are attained, and he is relieved from the burden of contributing to the revenue of the State imposed upon other retailers of liquors, and thus the license law may be evaded.
In order to prevent such evasion, and as a means of certainly accomplishing that end, the legislature thought proper to prohibit any one from permitting liquor to be drank in his establishment in which he sells it by the quart, unless, he has paid for and obtained a license for retailing.
Judgment aeeirmed.