### C. MONTGOMERY *v*. THE STATE.

1. IMMUNITY BY REPEAL OF PENAL LAW.—The act of August 21, 1876, which took effect from its passage, repealed Article 764 of the Penal Code, which defined and punished theft from a house as a specific offense, and the repealing act makes no provision respecting cases pending. *Held,* that such cases are controlled by Article 15 of the Penal Code (Pasc. Dig., Art. 1617), and, therefore, offenders against the repealed Article cannot be punished therefor, even though indictments against them were pending at the time of its repeal.

2. SAME—CASE STATED.—In 1874, while Article 764 of the Penal Code was in force, appellant was indicted for theft from a house, of property worth $100. In December, 1876, and subsequent to the repeal of that Article, he was placed on trial, and, according to the record, "elected to be tried under the new law," and the judge gave in charge to the jury the law applicable to theft of property worth $20 or over, except that he charged the penalty prescribed by the repealed Article, the *maximum* of which was less than that of theft of property worth $20. The jury found the accused guilty of theft of property worth more than $20, and assessed his punishment at two years in the penitentiary, which was the *minimum* penalty prescribed by the repealed Article, and also the *minimum* for theft of property worth $20 or over. *Held,* that, inasmuch as the repealing act made no provision for pending cases, the conviction must be set aside and the cause be dismissed.

3. CASE OVERRULED.—*Hubbard* v. *The State, ante,* p. 506, so far as it conflicts with the above rulings, is overruled.

APPEAL from the District Court of Marion. Tried below before the Hon. R. R. GAINES.

The case is stated in the opinion, and in the second head-note.

No brief for the appellant.

*H. H. Boone*, Attorney General and *W. B. Dunham*, for the State.

WINKLER, J. The appellant was charged, by indictment, with having committed the crime of theft from a house. The offense is charged to have been committed June 5, 1874. The indictment was filed September 3, 1874. The law in force when the offense is alleged to have been committed, and when the indictment was presented, is as follows :

" If any person shall steal property from a house, in such manner as that the offense does not come within the definition of burglary, he shall be punished by confinement in the penitentiary not less than two nor more than seven years." Penal Code, Art. 764 (Pasc. Dig., Art. 2408).

The trial appears, from the transcript of the record, to have taken place on December 7, 1876, when the accused was convicted, and his punishment fixed at confinement in the state penitentiary for a period of two years.

Before the trial was had in the district court the law under which the indictment was found was repealed ; and the material inquiry before us now is as to the effect the repeal of the law in force when the offense was committed and the prosecution was commenced, and before the case had been finally disposed of, had upon the prosecution.

It is recited in the judgment of the district court that the defendant *elected to be tried under the new law*, and it is argued on behalf of the state that, the defendant having

made this *election*, the law creating the offense of theft from a house having been repealed after indictment found, he could be tried and punished under the law defining the punishment of theft of property over the value of $20, and we are referred to Article 756 of the Penal Code, which provides as follows: "Theft of property of the value of twenty dollars or over shall be punished by confinement in the penitentiary for a term of not less than two nor more than ten years." Pasc. Dig., Art. 2394.

The succeeding Article provides the punishment for theft of property under the value of $20. It must be borne in mind, however, that by Article 758 of the Penal Code it is further provided: "The two preceding Articles do not apply to theft of property from a house or from the person, or to theft of any particular kind of property, where the punishment is specially prescribed." Pasc. Dig., Art. 2396. One of *two preceding* Articles referred to in Article 758, it will be seen, is the Article invoked by the state to sustain the conviction in this case. But it is not perceived how this can in any sense be regarded as a new law, or *the* new law under which the accused is said to have elected to be tried. The case of *Maul* v. *The State*, 25 Texas, 168, does not sustain the position contended for, but rather the contrary.

This case must be determined by Article 15 (Pasc. Dig. Art. 1617), which declares: "The repeal of a penal law, where the repealing statute substitutes no other penalty, will exempt from punishment all persons who may have offended against the provisions of said repealed law, unless it be otherwise declared in the repealing statute." Inasmuch, therefore, as the act of August 21, 1876, which repeals the Article of the Penal Code under which the indictment was found, fails to declare otherwise, then the effect must be to exempt from punishment all persons who may have offended against provisions of the repealed law.

We are clearly of the opinion that, since the passage of the act of August 21, 1876 (Acts Fifteenth Legislature, 233), there is no such offense known to the law of this state as theft from a house; and we so held in *Cottenham* v. *The State*, 1 Texas Ct. of App. 463; *Sheppard* v. *The State*, 1 Texas Ct. of App. 522, and cases there cited.

This law repealing, as it does, the former law relating to this offense, without prescribing any regulation affecting cases pending at the time of its passage, those who had violated the repealed law prior to its repeal cannot be punished under it since its repeal. And, if for no other reason, we are forced to reverse the judgment and dismiss the case because the punishment for theft of property of the value of $20 and over is greater than was that of theft from a house. Pasc. Dig., Arts. 2394, 2408. The opinion of this court in *Hubbard* v. *The State*, *ante*, p. 506, in so far as it conflicts with this opinion, is overruled.

For the reasons above, the judgment of the district court in this case is reversed and the case dismissed.

*Reversed and dismissed.*